In the Matter of the Judicial Settlement of the Account of Proceedings of CLARA SEGALL and BERNARD SEGALL, as Executors, etc., of JACOB W. SEGALL, Deceased. BERNARD SEGALL and CLARA SEGALL, as Executors, etc., of JACOB W. SEGALL, Deceased, Appellants; MORRIS GOTTLIEB, Objectant-Respondent, and AUGUST G. KLAGES, Receiver, Respondent.— Decree of the Surrogate's Court, Queens County, judicially settling the accounts of the executors, as filed and adjusted; making certain allowances, which the executors are directed to pay; and directing that the executors pay, out of the balance ($15,327.15) shown in the decree to be available to pay debts, (1) $13,162.78 to the receiver of the property of Clara Segall, and (2) $2,164.37 to the objectant-respondent, modified by restating the " Summary Statement " of account in the decree as follows:

The said executors are charged with the following:

| | |
|---|---:|
| Amount of receipts as set forth in Schedule A, Supplemental account.. | $32,578 75 |
| Amount shown by Schedule A-1 Supplemental account. (Loans to the estate by Clara Segall, the widow-executrix) ................ | 31,218 63 |
| Amount shown by Schedule A-2, Supplemental account. (Income from real estate from March, 1930, to end of 1930).............. | 9,425 09 |
| Total charges....................................... | $73,222 47 |

Credits:

The said executors are credited with the following:

| | | |
|---|---:|---:|
| Schedule B, supplemental account — Realized decreases and losses of capital asset values.................. | $561 66 | |
| Schedule B-1, supplemental account — Uncollectible property....................................... | 8,910 63 | |
| Schedule C, supplemental account — Funeral and administrative expenses................................ | 13,910 05 | |
| Schedule E, supplemental account — Payment of debts.. | 32,173 31 | |
| Schedule E-1, supplemental account — Payments made to widow on account of loans....................... | 16,291 80 | |
| Total credits........................................ | | $71,847 45 |
| Balance with which the executors are charged..................... | | $1,375 02 |

and further modified by striking from the decree the seventh and eighth decretal paragraphs thereof and substituting in place thereof the following paragraphs:

" Ordered, Adjudged and Decreed that the said executors, Bernard Segall and Clara Segall, are directed to pay out and distribute to Morris Gottlieb, creditor, the sum of $1,850.00 with interest at 6% from August 1, 1936, and it is further

" Ordered, Adjudged and Decreed that there was insufficient personalty to pay debts, and that decedent's real estate, of the value of $16,489.43, as admitted

and shown by the executors in the transfer tax proceedings, was subject to disposition to pay decedent's debts, and it is further."

As so modified, the decree is unanimously affirmed, without costs, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. It was conceded that the personalty was insufficient to pay the debts, and that the widow advanced $31,218.63, which enabled the executors to pay all creditors, except objectant-respondent. The surrogate held that the widow by making these advances put herself in the places of the creditors, and by paying all other creditors and ignoring objectant-respondent's claim she created a preference as to such respondent. It was also conceded that the executors paid to the widow $16,291.80 on account of the amount advanced to the estate, in cash and personal property, leaving a balance due to her of $14,926.83. The surrogate held that there was due to her that amount, and provided in the decree that $13,162.78, which was the amount be found available to pay her claim, be paid to the receiver of her property. It appears that this receiver was appointed at the instance of the objectant-respondent, under a judgment entered on the confession of the widow, because of her individual liability in the same transaction out of which objectant-respondent makes his claim against the estate. Inasmuch as the account shows nothing to be due to the widow, the provision for the payment to the receiver must be eliminated. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ. [See post, p. 1102.]